**MANAGING PARTNERS**
Phillip C. Hamilton, Esq.
Lance A. Clarke, Esq.

December 9, 2020

**By ECF and Email**

The Honorable Andrew L. Carter
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    **United States v. Compton Richmond,
                   20 Cr. 552 (ALC)**

Dear Judge Carter,

      I write to Your Honor to respectfully clarify Mr. Richmond's position to the Government's proposed protective order ("PPO"). As noted in the Government's filed letter ("letter") to the Court dated November 17, 2020, Mr. Richmond generally consents to the entry of the PPO. He objects, however, to the boilerplate provision that is Paragraph 3(c) of the PPO, which states that, "[The Protected Materials] [s]hall be destroyed or returned to the Government following the conclusion of this case, including after any appeals." Mr. Richmond's objection to Paragraph 3(c) is based upon two grounds: (1) the Government has failed to show good cause for such relief; and (2) consenting to such relief may place defense counsel in violation of the New York State Rules of Professional Conduct.

**I. The Government Has Failed to Show Good Cause for the Relief Requested In Paragraph 3(c) of the PPO.**

      The Court, "[a]t any time, may, *for good cause*, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d) (emphasis added). "Good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" *U.S. v. Smith*, 985 F. Supp. 2d 506, at 523 (S.D.N.Y. 2013) (quoting *In re Terrorist Attacks on September 11, 2001*, 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006)). Indeed, a finding of harm "must be based on a particular factual demonstration of potential harm, not on conclusory statements." *United States v. Gangi*, No. 97-CR-1215, 1998 WL 226196, at *2 (S.D.N.Y. May 4, 1998) (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 8 (1st Cir.1986)); see also *United States v. Wecht*, 484 F.3d 194, at 211 (3d Cir. 2007) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." (internal quotation marks omitted)).

The Government's argument that good cause exists rests with its concerns that absent the PPO, the discovered materials, which contain PII of numerous third parties and documents that may lead to the identification of multiple cooperating witnesses, *could* be publicly disclosed to reveal private information that could identify, embarrass, influence, or intimidate potential witnesses, and/or place them at risk of being retaliated upon, assaulted, or even killed. Per the Government's *public disclosure* concerns, which, on my reading of the law, could possibly be enough for the Court to issue a protective order, Mr. Richmond generally consents to the entry of the PPO. However, Paragraph 3(c)'s requirement that the protected materials be destroyed or returned to the Government following the conclusion of the case is too far attenuated from the stated premise of wanting to limit any public disclosure. Particularly where prior to the Government's filing of the PPO, I informed AUSA Jessica Lonergan that following the conclusion of the case, I would consent to the PPO limiting the protected materials to attorneys' eyes only[1], with leave to move the Court for a modification if necessary. However, for reasons to be further explained, I will not consent to destroying or returning discovered materials to the Government.

Presumably, the Government's argument is that by remaining in my possession, *as an officer of this court*, there is more of a risk that the protected materials will be publicly disclosed following the conclusion of Mr. Richmond's case than if the protected materials were not in my possession at all. This argument is hollow and unsupported. Indeed, as long as the materials exist[2], the risk always exists that they may be publicly disclosed, even if inadvertently. However, where I am willing to abide by an order of this Court to not publicly disclose the materials after the resolution of Mr. Richmond's case, I do not see where the Government has made the requisite showing of good cause to include Paragraph 3(c)'s language within the PPO. Accordingly, Mr. Richmond objects to it.

## II. Paragraph 3(c) of the PPO May Place Mr. Richmond's Defense Counsel in Violation of the New York State Rules of Professional Conduct.

The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, effective October 29, 2018, state that discipline or other relief may be imposed by the Committee on Grievances if, in connection with activities in this Court, any attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct ("RPC") as adopted from time to time by the Appellate Divisions of the State of New York. L. Civ. R. 1.5. Accordingly, attorney conduct in this Court is governed in part by the RPC. For this reason, I have strong reservations about consenting to Paragraph 3(c) of the PPO.

In interpreting the RPC, Ethics Opinion 1192 opines that, "[i]n general, an attorney's duty to maintain a client's closed file is a duty that every law firm partner owes to every past firm client . . . and a duty that continues during and after the firm's dissolution." N.Y. State 1192 (2020). This duty extends to those documents "a lawyer knows or should know the client . . . may need in the future." Id*.* The obligation of a lawyer to preserve the confidences and secrets of his client continues after the termination of his employment as well. N.Y. State 460 (1977).

---

[1] Presuming that the protected materials are never publicly disclosed in future court filings, pretrial hearings, trials, et al.
[2] It is highly unlikely that the Government will destroy the protected materials following the conclusion of all of the cases related to Mr. Richmond's case.

To that end, I have been a criminal defense attorney for eleven years. I spent the first six years at a public defender office in New York City. I have spent the last five years in private practice. Over that time, I have represented more than 2,500 clients facing criminal charges. To this day, I regularly have clients from my time at the public defender office who will "Google" me to find me and call me about details of a case that I represented them on well over five years ago. My clients in private practice have proven no different. They will often call to discuss matters within their case files that may affect a job that they are seeking to obtain, appeals or litigation they are planning to pursue, or other private matters.

My experience as a criminal defense attorney has placed me in a position where, at minimum, I "should know" that Mr. Richmond or I may need to reference documents from his case file at a later date – including from within the protected materials. More specifically, with respect to discovery I receive, it is often copied, printed, and then marked up with attorney work product that includes confidences and secrets of my clients. I also make substantial notes regarding the contents of discovery that include confidences and secrets of my clients. After the conclusion of a case, my clients' case files, which include discovery if provided, generally help me (1) remember and explain why I took a certain route of action with a client's case, (2) respond to inquiries that clients may have about their cases years after the resolution, and (3) provide relevant materials in the event that there is ever an ineffective assistance of counsel claim brought against me.

Accordingly, I have no objection to the protected materials being limited to attorneys' eyes only after the conclusion of this matter, but for the reasons heretofore stated, I respectfully object to the language of Paragraph 3(c) being included within the PPO.

Regards,

*/s/*
_____
Phillip C. Hamilton, Esq.
Managing Partner
Hamilton Clarke, LLP
48 Wall Street, Suite 1100
New York, NY 10005
P. 212-729-0952
PH@HamiltonClarkeLLP.com

cc: Counsel of Record (via ECF and email)